19-2540-cv
*Soria v. NYC Dep't of Educ.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of October, two thousand twenty.

PRESENT:
> REENA RAGGI,
> RICHARD J. SULLIVAN,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

---

CYNTHIA SORIA, Individually and as
Parent and Natural Guardian of G.S.,
GIOVANNI SORIA, Individually and as
Parent and Natural Guardian of G.S.,

> *Plaintiffs-Appellees*,

v.                                                     No. 19-2540

NEW YORK CITY DEPARTMENT OF
EDUCATION,

> *Defendant-Appellant*.

---

For Plaintiffs-Appellees:                    PETER G. ALBERT, Brain Injury Rights Group, New York, NY.

For Defendant-Appellant:                    ERIC LEE (Richard Dearing, Scott Shorr, *on the brief*), *for* James E. Johnson, Corporation Counsel of the City of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Analisa Torres, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **VACATED**, and the case is **REMANDED** with instructions to dismiss the complaint for failure to state a claim upon which relief can be granted.

Defendant-Appellant New York City Department of Education (the "City") appeals from an order granting the motion of Plaintiffs-Appellees Cynthia and Giovanni Soria for a preliminary injunction. We assume the parties' familiarity with the underlying facts, procedural history of the case, and the issues on appeal.

The Sorias are the parents of G.S., a child with a disability. During the 2017–2018 school year, when G.S. was a student at the International Academy of Hope ("iHOPE"), the Sorias initiated an administrative proceeding alleging that

the City failed to offer G.S. a free appropriate public education ("FAPE") for that school year, as required by the Individuals with Disabilities Education Act ("IDEA"). In June 2018, an impartial hearing officer agreed that the City had not offered G.S. a FAPE, found that iHOPE was an appropriate placement for G.S., and ordered the City to reimburse the Sorias in full for G.S.'s tuition at iHOPE for the 2017–2018 school year. The City did not appeal this decision.

Without the City's consent, the Sorias then unilaterally transferred G.S. to another private school called the International Institute for the Brain ("iBRAIN") for the 2018–2019 school year. Shortly thereafter, the Sorias initiated a second administrative proceeding alleging that G.S.'s individualized educational program ("IEP") for the 2018–2019 school year failed to offer G.S. a FAPE. This time, however, in addition to seeking tuition reimbursement, the Sorias sought up-front public funding for G.S.'s tuition at iBRAIN during the pendency of their IEP challenge, pursuant to the IDEA's "stay-put" provision, 20 U.S.C. § 1415(j). After an impartial hearing officer denied the Sorias' request for pendency funding and a state review officer affirmed that denial, the Sorias filed a complaint against the City in the district court, seeking an order vacating the review officer's decision

3

and directing the City to fund G.S.'s tuition at iBRAIN until final adjudication of the Sorias' IEP challenge.[1]

We have now twice confronted an identical set of material facts and legal issues: first in *Ventura de Paulino v. New York City Department of Education*, 959 F.3d 519 (2d Cir. 2020), and more recently in *Neske v. New York City Department of Education*, No. 19-4068-cv, 2020 WL 5868279 (2d Cir. Oct. 2, 2020). In fact, all three cases arise from the same exodus of students from iHOPE to iBRAIN, and all of the plaintiffs are represented by the Brain Injury Rights Group ("BIRG"), whose founder Patrick Donohue also founded iBRAIN after leaving iHOPE. *See generally Ventura de Paulino*, 959 F. 3d at 528–29, 528 n.29.

In *Ventura de Paulino*, we held (and in *Neske*, we reiterated) that "[a] parent cannot unilaterally transfer his or her child and subsequently initiate an IEP dispute to argue that the new school's services must be funded on a pendency

---

[1] On the eve of oral argument, the City submitted a letter informing the Court that in September 2019, pursuant to the district court's preliminary injunction order, the City paid iBRAIN and other providers for services rendered to G.S. in the 2018–2019 school year. *See* ECF Doc. No. 103 at 1–2. Shortly thereafter, the Sorias evidently moved to Long Island and enrolled G.S. in a new school there. *See id.* at 2. Although it is not clear why it took the City until the day before oral argument to learn these pertinent facts – most of which occurred over a year ago and long before the parties had submitted their briefs – we ultimately agree with the City that these facts, without more, do not necessarily render this appeal moot. Indeed, counsel for the Sorias agrees with the City that this appeal is not moot because the Sorias could attempt to rely on the district court's order to establish G.S.'s pendency status in future proceedings. *See* ECF Doc. No. 107 at 3.

basis." *Id.* at 536; *see also Neske*, 2020 WL 5868279, at \*1. That conclusion decisively resolves this appeal. We invited the parties to submit supplemental briefing to address the applicability of *Ventura de Paulino* (and *Neske*) to this appeal because, although the Sorias filed their brief after we issued our decision in *Ventura de Paulino*, they did not address the merits of that decision. *See* Sorias' Br., ECF Doc. No. 70, at 34–36. In their supplemental briefing, the Sorias do not present any arguments that were not already addressed by either *Ventura de Paulino* or *Neske*.

First, the Sorias contend that this case is distinguishable from *Ventura de Paulino* because the City "never offered [G.S.] any pendency placement." Sorias' Supp. Br., ECF Doc. No. 95, at 3. But the same was true in *Ventura de Paulino*. Repeating what we made clear in *Neske*, "[i]n both *Ventura de Paulino* and this case, iHOPE became the students' pendency placement not at the City's instigation, but rather by operation of law after the City chose not to appeal the rulings of the impartial hearing officers holding that iHOPE was an appropriate placement for these students." *Neske*, 2020 WL 5868279, at \*1 (citing *Ventura de Paulino*, 959 F.3d at 532). Thus, "[j]ust as we deemed the City to have implicitly chosen iHOPE as

5

the pendency placement for the students in *Ventura de Paulino*, the same applies here." *Id.*

Second, like the appellants in *Neske*, the Sorias argue that this case falls under footnote 65 of *Ventura de Paulino*, in which we reserved decision as to a situation "where the school providing the child's pendency services is no longer available *and* the school district either refuses or fails to provide pendency services to the child." *Ventura de Paulino*, 959 F.3d at 534 n.65; *see* Sorias' Supp. Br. at 4. But again, "that situation is no more present here than it was in *Ventura de Paulino*" because "iHOPE continued to be available to [G.S.] and the City did not refuse or fail to provide pendency services at iHOPE; rather the plaintiffs unilaterally moved [G.S.] from [G.S.'s] pendency placement to a new private school." *Neske*, 2020 WL 5868279, at *2. Moreover, like the appellants in *Neske*, the Sorias never alleged in their complaint that iHOPE was effectively "unavailable" because it had changed so drastically, *see id.* at *2 n.2, and we decline to consider that argument for the first time on appeal, *see Mellon Bank, N.A. v. United Bank Corp. of N.Y.*, 31

6

F.3d 113, 116 (2d Cir. 1994) (declining to review an argument not raised before the district court when the party "clearly had the opportunity to raise" it below).[2]

After *Neske* squarely and definitively rejected these attempts to distinguish *Ventura de Paulino*, we hoped (perhaps naively) that BIRG would not repeat them here. Simply put, this case is materially identical to *Ventura de Paulino*, and we reaffirm that binding precedent here.

\*     \*     \*

Accordingly, we **VACATE** the district court's August 7, 2019 order and **REMAND** the case with instructions to dismiss the complaint for failure to state a claim upon which relief can be granted.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] BIRG submitted a letter to the Court after oral argument – purportedly "in response" to the letter filed by the City – arguing for the first time that iHOPE was "financially unavailable" to the Sorias due to "substantial changes to the iHOPE administration." *See* ECF Doc. No. 107 at 1–2. BIRG does not cite anything in the record to support these new contentions, and we refuse to consider them for the first time now. *See Mellon Bank*, 31 F.3d at 116.